UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**RICHARD YANG,**
804 Oakwood Lane
Watertown, WI 53094,

        Plaintiff,                         Case No. 26-CV-85

        v.

**CCI SYSTEMS, INC.,**
105 Kent Street
Iron Mountain, MI 49801,

        Defendant.

## COMPLAINT

The plaintiff, Richard Yang, by his attorney, William R. Rettko, alleges and shows to the court as follows:

## NATURE OF THE CASE

Plaintiff brings this action to secure his civil rights to equal employment opportunities and to have the same terms, conditions and privileges of employment with the defendant as non-Asian Americans and persons who have made race claims for which he has been retaliated against in making claims of discriminatory treatment, together with depriving him employment opportunities that adversely affected his status as an employee in violation of 42 U.S.C. § 2000e (Title VII).

## JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201, and the three (3) Equal Employment Opportunity Commission's Notices of Right to Sue Within 90 Days are attached hereto as Exhibit A, and are authorized by 42 U.S.C. § 2000e-2 (Title VII).

## PARTIES

1.      Plaintiff Richard Yang ("Yang") is an Asian American resident residing at 804 Oakwood Lane, Watertown, State of Wisconsin, and was employed by Defendant CCI Systems, Inc., at all pertinent times as stated in this Complaint.

2.      Defendant CCI Systems, Inc., ("CCI") is a corporation that provides network support systems which has over 1200 employees nationwide, and maintains its principal offices at 105 Kent Street, Iron Mountain, Michigan, and is and was at all material times hereto the employer of Yang who worked out of its Edgerton, Wisconsin location.

## STATEMENT OF CLAIMS

3.      Yang was hired by CCI on August 17, 2023 as a Fiber Splicer responsible for Fiber splicer installs, splice, maintain, terminate, and test fiber-optic connections and service setups in aerial and underground locations.

4.      On September 5, 2023, Yang was placed on hourly work limited to 40 hours per week earning $25 per hour and was told that once he was trained, he would go to piece/production work ("production work") and work independently.

5.      By October 2023, Yang was allowed to go to production work by his direct bosses Joe Hernandez and Tony Higgins whereby his pay increased to a range of $2000 to $2500 per week.

6.      On January 2, 2024, Yang was moved back to hourly work and was told he needed more training to be a production worker despite having multiple White or Hispanic employees in Yang's work group who had documented work issues from December 12, 2023 through December 27, 2023 but were not moved to hourly work.

7.      On January 15, 2024, Yang contacted CCI Human Resources and spoke with Catherine Gendron ("HR") and made a complaint about being removed from production work to hourly work despite having no write ups, no prior warnings about his work, no prior disciplines, and was not now being provided training although told he needed training, and further added that he was the only Asian American on his team and felt this was discrimination.

8.      On January 22, 2024, Yang met with Hernandez and Higgins and was told they were keeping him on hourly as his work needed to improve.

9.      On January 29, 2024, Hernandez spoke with Yang and confirmed that other employees received reprimands for doing poor work on projects, but Yang was the only one put back on hourly work.

10.     On January 31, 2024, Yang emailed Henandez, Higgins and their boss Chris Porter together with HR asking Hernandez for the email Hernandez had promised identifying how Yang could improve his work so he could go back on production as he was in his fourth week of hourly work.

11.     On February 19, 2024 Yang filed his first discrimination claim as he had been placed on hourly whereby his pay had been reduced substantially based on his race and further claimed he was being retaliated against for informing HR that he felt being moved to hourly was due to him being Asian-American.

12.     On July 23, 2024, Yang identified safety issues with the trailer he was required to use for work through July 25th by reporting them in his inspection log as required, and after getting no response and not getting notified to cease operation of the trailer, Yang used the trailer which was ultimately repaired on July 29, 2024.

13.     As of July 31, 2024, there were nine White Fiber Splicer employees who had received discipline for:

a.  Causing damage to his operating vehicle,

b.  substandard work/not providing updates/issues in filling out time sheets,

c.   not being compliant with DOT/FMSCA regulations while operating a CMV,

d.  losing customer equipment,

e.  not properly evaluating hazards at work surroundings,

f.  not properly checking work vehicle whereby a trailer detached from the vehicle,

g.  using company vehicle for personal travel, poor communication, not submitting dates timely, and being placed on a performance improvement plan,

h.  not completing an annual review on time, and

i.  not submitting accurate dailies and documentation.

14.    As of July 31, 2024, there were 49 Fiber Splicers at CCI of which four were Hispanic/Latino and 44 were White with Yang being the only Asian American.

15.    Not a single Fiber Splicer working for CCI as of July 31, 2024, who had been disciplined was removed from production work and placed on hourly work, but for Yang.

16.    On August 1, 2024, Yang was ordered to hang enclosures built by other splicers which is an hourly task, so Yang questioned why he was being required to hang enclosures built by others when it was known that all splicers are to hang the enclosures they made, and further indicated no other splicer had been required to hang another splicer's enclosure but for him.

17.    On August 2, 2024, Yang hung all enclosures he was told to and took pictures of his completed work.

18.    On August 3, 2024, Higgins texted Yang stating, "Thank you for getting these completed", referring to the enclosures Yang hung on August 2nd.

19.    On September 3, 2024, Yang was presented with a "final written warning" and was told that the enclosures he hung on August 2nd were at issue by Chris Porter (the supervisor over

Tony Higgins and Joe Hernandez) who told Yang that they were tired of sending persons out to fix his work as all the rungs hung by Yang on August 2nd were backwards and that Shawn who fixed it would verify this, but when Shawn was asked, he verified that Yang had fixed everything and that everything was working properly.

20.     Yang refused to sign the "final written warning" indicating it was false and the September 2, 2024 meeting ended.

21.     Yang then met with CCI HR and explained that the "final written warning" was false and asked for it to be removed from his file to which HR indicated that they must listen to management as management has the right to their opinion and indicated the "final written warning" will remain in effect.

22.     On September 9, 2024, Yang filed a second claim of retaliation as the "final written warning" was false and done to terminate him due to his initial discrimination/retaliation claim made on February 19, 2024.

23.     On October 18, 2024, CCI HR called Yang to discuss receipts he had from purchasing gas for a CCI truck at a Shell gas station in Watertown in which car washes were allowed to be used based on the receipt and wanted to know if he used those car washes for his personal car as the CCI truck he was using would have been too large to fit into that gas station's car wash, to which Yang indicated he didn't pay attention to the receipts, but did press yes to get a receipt and further indicated he never used the receipts to wash his personal vehicle to which he was informed there was no need to get receipts going forward.

24.     On November 8, 2024, while at a job site, Yang backed into a tree causing damage to the fender of the trailer and immediately reported this incident to the supervisor onsite as well as the Motive app., and further called John at the shop garage who told him to come back to the shop and gave Yang direction on how to make the trailer safe enough to get back to the shop.

25.    On November 25, 2024, CCI terminated Yang indicating he had been given a "final written warning" on August 22, 2024 that warned him to follow all safety rules and that on November 8, 20924, he failed to do that as he backed his trailer into a tree, failed to notify fleet management of the accident, followed by calling in sick on November 10th, but driving 100 miles to retrieve his work truck and a different trailer while failing to report the initial incident of November 8th.

26.    Yang then filed a third claim of discrimination/retaliation as all allegations leading to the termination were false but for backing the trailer into a tree and for no one else being terminated for damaging equipment at a worksite although other employees had done so on more than one occasion.

27.    Attached to this Complaint as Exhibit A are true and accurate copies of the Rights to Sue issued by the EEOC on the three claims of discrimination/retaliation made by Yang to the EEOC.

FIRST CAUSE OF ACTION
DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e

28.    Reallege and incorporate by reference paragraphs 1 through 27 of this Complaint as if set forth at length herein.

29.    CCI discriminated against Yang based on his race (Asian-American) by removing him from production work and placing him on hourly work claiming his work was insufficient and that he needed more training to be on production work although multiple White employees had received write-ups for insufficient work but were not put on hourly work and in doing so denied plaintiff an equal employment opportunity.

30.    As a direct and proximate cause of CCI's actions to deny Yang equal employment opportunity they have caused Yang to suffer compensatory damages, including but not limited to

loss of back wages, loss of future wages, mental anguish, loss of reputation, attorney fees and other expenses as allowed by law.

31.     As a direct and proximate result of CCI's malicious and reckless actions in depriving Yang of his equal protection rights as provided by 42 U.S.C. § 2000-e, Yang is entitled to punitive damages.

SECOND CAUSE OF ACTION
RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e

32.     Reallege and incorporate by reference paragraphs 1 through 31 of this Complaint as if set forth at length herein.

33.     Based on Yang's complaint of discrimination as made to CCI's supervisors, HR, and the EEOC, CCI took multiple steps to make false allegations of insubordination, safety violations and work performance to terminate his employment thereby depriving Yang's right of protected activity under Title VII.

34.     Had Yang not engaged in protected activity under Title VII, CCI would not have retaliated against him for identifying the discrimination he had been enduring which was the substantial and motivating factor in providing Yang with a "final written warning" and then terminating Yang on false accusations while also allowing non-Asian-American employees to commit similar acts without being placed on hourly work or terminated.

35.     As a result of the retaliation Yang endured from CCI, Yang also endured emotional distress, was under constant scrutiny that no one else had to endure and was terminated, all of which has caused Yang to suffer compensatory damages, including but not limited to emotional distress, mental anguish, loss of reputation, loss of past and future wages and benefits, together with attorney fees, as well as disbursements and costs as allowed by law.

36.    In addition, the actions of CCI in retaliating against Yang, together with their deliberate and reckless indifference of Yang's protected activity under Title VII, Yang in entitled to punitive damages as assessed by a jury.

**WHEREFORE,** Plaintiff Richard Yang respectfully requests that this Court:

A.    Assume jurisdiction of this case;

B.    Declare that CCI's actions while acting under the color of law caused an unlawful employment practice against Yang by their acts of discrimination and retaliation made unlawful under 42 U.S.C. 2000e (Title VII), and enter judgment to that effect;

C.    Award past and future wages/benefits;

D.    Award compensatory damages for emotional distress, mental anguish and loss of reputation in an amount to be determined by a jury;

E.    Award punitive damages against CCI in an amount to be determined by a jury on the grounds that CCI's conduct complained of herein was done knowingly, willfully and wantonly in violation of Yang's right to be free from discrimination and retaliation based on his race;

F.    Award Yang costs, disbursements and attorney fees in bringing this action; and

G.    Grant such further relief as the Court deems just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted this 4th day of February, 2026.

**RETTKO LAW OFFICES, S.C.**
Counsel for Plaintiff
s/William R. Rettko
State Bar No.: 01002608
15460 W. Capitol Drive, Suite 150
Brookfield, WI  53005
(262) 783-7200
bill@rettkolaw.com



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Milwaukee Area Office**
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/10/2025

**To:** RICHARD W. YANG
804 OAKWOOD LN
Watertown, WI 53094

Charge No: 26G-2024-00671

EEOC Representative and email:    JOSEPH FASSL
INVESTIGATOR
JOSEPH.FASSL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Amrith Aakre
12/10/2025
Amrith Aakre
District Director



**Cc:**

CATHERINE GENDRON
CCI SYSTEMS INC
105 KENT ST
Iron Mountain, MI 49801


Please retain this Notice for your records.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Milwaukee Area Office**
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/10/2025

**To:** Richard Yang
804 Oakwood Lane
Watertown, WI 53094

Charge No: 26G-2025-00085

EEOC Representative and email:    JOSEPH FASSL
INVESTIGATOR
JOSEPH.FASSL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Amrith Aakre
12/10/2025
Amrith Aakre
District Director

**Cc:**
CATHERINE GENDRON
CCI SYSTEMS INC
105 KENT ST
Iron Mountain, MI 49801

JOHN A HAASE
GODFREY & KAHN SC
200 S WASHINGTON ST STE 100
Green Bay, WI 54301


WILLAM R RETTKO
RETTKO LAW OFFICES SC
15460 W CAPITOL DR STE 150
Brookfield, WI 53005


Please retain this Notice for your records.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(800) 669-4000
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/10/2025

**To:** Richard Yang
804 Oakwood Lane
Watertown, WI 53094
Charge No: 26G-2025-00339

EEOC Representative and email:    JOSEPH FASSL
INVESTIGATOR
JOSEPH.FASSL@EEOC.GOV

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Amrith Aakre
12/10/2025
Amrith Aakre
District Director

**Cc:**

JOHN A HAASE
GODFREY & KAHN SC
200 S WASHINGTON ST STE 100
GREEN BAY, WI 54301

CATHERINE GENDRON
CCI SYSTEMS INC
105 KENT ST
Iron Mountain, MI 49801

WILLIAM R RETTKO
RETTKO LAW OFFICES SC
15460 W CAPITOL DR STE 150
Brookfield, WI 53005


Please retain this Notice for your records.